**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Maureen Elizabeth Calder aka Maureen E. Herron aka Maureen Herron aka Maureen Calder <br>       Debtor(s) | CHAPTER 13 |
| M&T Bank <br>       Movant <br> vs. | NO. 18-16521 AMC |
| Maureen Elizabeth Calder aka Maureen E. Herron aka Maureen Herron aka Maureen Calder <br>       Debtor(s) | 11 U.S.C. Section 362 |
| Kenneth E. West Esq. <br>       Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of February 10, 2023, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,645.75.** <u>Post-petition funds received after February 1, 2023, will be applied per the terms of this Stipulation as outlined here</u>. The arrearage breaks down as follows;

Post-Petition Payments:    January 2023 through February 2023 in the amount of $1,639.05/month
Suspense Balance:    ($1,632.35)
**Total Post-Petition Arrears    $1,645.75**

2. Debtor shall cure said arrearages in the following manner:

a). On or before <u>February 22, 2023</u>, Debtor shall make an full tender payment of **$1,645.75** for the January 2023 monthly payment.

b). On or before <u>February 28, 2023</u>, Debtor shall make the February monthly payment of **$1,639.05.**

3. Beginning with the payment due March 2023 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,639.05 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   February 13, 2023

                            **/s/ Denise Carlon, Esquire**
                            Denise Carlon, Esquire
                            Attorney for Movant


Date: 2/22/2023                           /s/ Anthony A. Frigo.
                            Anthony A. Frigo, Esquire
                            Attorney for Debtor(s)


Date: 2/27/2023                           /s/ Jack Miller, Esquire *
                            Kenneth E. West, Esquire
                            Chapter 13 Trustee

*\*no objection to its terms, without prejudice to any of our rights and remedies*


Approved by the Court this _____ day of _____, 2023.  However, the court retains discretion regarding entry of any further order.


                            _____
                            Bankruptcy Judge
                            Ashely M. Chan